UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JEFFREY STABOLESKI, | |
|---|---|
| Plaintiff, | |
| v. | 19 Civ. 8834 (KPF) |
| NEW YORK POLICE DEPARTMENT, | **ORDER OF SERVICE** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who appears *pro se* and is currently incarcerated, brings this action asserting that his federal constitutional rights were violated. He sues the New York City Police Department ("NYPD") and seeks damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, and state law. By Order dated November 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

For the reasons discussed below, the Court construes Plaintiff's claims against the NYPD as brought against the City of New York, dismisses Plaintiff's claims against the NYPD, and directs the Clerk of Court to add the City of New York as a defendant. The Court directs service on the City of New York.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Plaintiff's Claims Against the NYPD

The Court must dismiss Plaintiff's claims against the NYPD because an agency of the City of New York, like the NYPD, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See*

Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker* v. *Schult,* 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint on the City of New York until the Court reviewed the complaint and ordered that a summons be issued for the City of New York. The Court therefore extends the time to serve the City of New York until 90 days after the date that the summons for the City of New York is issued. If the complaint is not served on the City of New York within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong,* 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki,* 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect

service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the City of New York. The Clerk of Court is further instructed to issue a summons for the City of New York and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the City of New York.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff's claims against the NYPD are dismissed.

The Clerk of Court is also directed to add the City of New York as a defendant. Fed. R. Civ. P. 21.

The Clerk of Court is further directed to complete a USM-285 form with the service address for the City of New York, and deliver all documents necessary to effect service on the City of New York to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438,

444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 4, 2019
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of New York
Law Department
100 Church Street
New York, New York 10007