USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JEFFREY L. STABOLESKI,                                             :
:
                     Plaintiff,                                :     19-cv-8834 (LJL)
:
    -v-                                                           :
:     OPINION AND ORDER
CITY OF NEW YORK,                                                  :
:
                     Defendant.                                :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    *Pro se* Plaintiff Jeffrey L. Staboleski filed this action on September 20, 2019 pursuant to 42 U.S.C. § 1983 alleging that both his arresting police officer and the lieutenant on duty violated his First Amendment right to freely exercise his religion during his September 8, 2019 arrest.

    Defendant City of New York (the "City") moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff fails to state a claim for violation of his First Amendment rights and further fails to state a claim for municipal liability against the City. Dkt. No. 27. The motion was made on July 7, 2020. *Id.* Plaintiff has not filed papers in opposition.

    The Court grants the motion to dismiss without prejudice to Plaintiff amending the Complaint to add allegations to support his claims.

## BACKGROUND

    Plaintiff was arrested on September 8, 2019 and taken to the Midtown South Precinct. Dkt. No. 2 ("Complaint" or "Compl.") ¶ V. He alleges that he asked the New York Police Department ("NYPD") officer who arrested him to give him back his Qur'an and prayer rug but that the officer, acting pursuant to the lieutenant's guidance, refused to provide him access to

these items because "[he] could not put [them] in his pocket." *Id.* Plaintiff describes that he was allowed access only to his Fortress of the Muslim prayer book. *Id.* He seeks damages for the mental distress caused to him by not being able to practice his religion. *Id.* ¶ VI.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint shortly after his arrest, on September 20, 2019, which named the NYPD as defendant. Dkt. No. 2. On November 18, 2019, the Court granted Plaintiff permission to proceed *in forma pauperis*, Dkt. No. 4, and on December 4, 2019, the Court entered an order of service, directing that the United States Marshals Service make service upon the City of New York, which was substituted in as defendant, Dkt. No. 6.

Defendant filed its motion to dismiss for failure to state a claim on July 7, 2020, which the Court now considers. Dkt. Nos. 27-28.[1]

## LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the material facts as alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (quoting *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, the Court is obligated to construe *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). This obligation "is especially true when dealing with *pro se* complaints

---

[1] Failure to oppose a motion to dismiss is not in itself grounds for dismissal. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *see also Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).

However, while the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure. *See Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); *see also Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that *pro se* litigants allege sufficient facts to indicate deprivation of a constitutional right).

## DISCUSSION

Plaintiff alleges that the conduct to which he was subjected violated his constitutional rights. *See* Compl. ¶ I. The Court construes the Complaint as alleging claims under 42 U.S.C. § 1983 based on violations of the Free Exercise Clause of the First Amendment and of Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Defendant argues that Plaintiff fails to state a Free Exercise claim and fails to state a claim for municipal liability. Dkt. No. 28.

### A.    Plaintiff Fails to State a Claim under the Free Exercise Clause

The Free Exercise Clause of the First Amendment encompasses both "'freedom to believe and freedom to act' on one's beliefs." *Skoros v. City of New York*, 437 F.3d 1, 39 (2d Cir. 2006) (quoting *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940)). "When a plaintiff claims his rights under the Free Exercise Clause have been violated, he must demonstrate that the official conduct at issue operated coercively against him 'in the practice of his religion.'" *Indig v. Vill. of Pomona*, 2019 WL 6173425, at *8 (S.D.N.Y. Nov. 19, 2019) (quoting *Harris v. McRae*, 448 U.S. 297, 321 (1980)). Further, "[a]bsent some demonstration that the purpose of the defendants' challenged action was to impugn . . . or to restrict their religious practices . . . a

Free Exercise claim will be sustained only if the government has placed a substantial burden on the observation of a central religious belief, without a compelling government interest justifying the burden." *Newdow v. United States*, 2013 WL 4804165, at *4 (S.D.N.Y. Sept. 9, 2013), *aff'd sub nom. Newdow v. Peterson*, 753 F.3d 105 (2d Cir. 2014); *see Vasquez v. Maloney*, 2020 WL 1309989, at *12 (S.D.N.Y. Mar. 19, 2020). Put simply, either a defendant must have sought to impugn a plaintiff's religious beliefs or to restrict her religious practices, or the government must have placed "'a substantial burden on the observation of a central religious belief' without 'a compelling governmental interest justif[ying]the burden'" to sustain a Free Exercise claim. *Skoros*, 437 F.3d at 39 (quoting *Jimmy Swaggart Ministries v. Bd. of Equalization*, 493 U.S. 378, 384-85 (1990)). "A substantial burden exists where the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Newdow*, 753 F.3d at 109.

"Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003). At the same time, however, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (quoting *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987)). A prisoner's First Amendment rights are thus "balanced against the 'interests of prison officials charged with complex duties arising from administration of the penal system'" and his Free Exercise claim is assessed "under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Brandon v. Kinter*, 938 F.3d 21, 32 (2d Cir. 2019) (quoting *Ford*, 352 F.3d at 588).

Thus, the Second Circuit has held that in order for a prisoner to prevail on a Free Exercise

claim, he "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Id.* (quoting *Holland v. Goord*, 758 F.3d 215, 220 (2d Cir. 2014)); *see also Leach v. New York City*, 2013 WL 3984996, at *2 (S.D.N.Y. Aug. 2, 2013).[2]  If he satisfies that threshold requirement, the "defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct" and "the burden remains with the prisoner to show that these [articulated penological] concerns were irrational." *Salahuddin*, 467 F.3d at 275 (quoting *Fromer v. Scully*, 874 F.3d 69, 74 (2d Cir. 1989)).

Plaintiff's allegations fail to make out a Free Exercise claim.  His description that the officers denied him his Qur'an and prayer rug because he "could not put [them] in his pocket" and the fact that they gave him his Fortress of the Muslim prayer book fail to plausibly demonstrate an objective to impugn his religious practices.  Compl. ¶ V.  Moreover, Plaintiff fails to plead sufficient facts to indicate that the police officer's conduct "operated coercively against him in the practice of his religion" or to demonstrate that the City placed a burden, substantial or otherwise, on the observation of his religious beliefs.  *Indig*, 2019 WL 6173425, at *8.  He does not allege that the limited deprivation of access to his Qur'an and his prayer rug on a single occasion restricted his ability to practice his religion or in any other way interfered with his Free Exercise rights.  *See Bradshaw v. Burns*, 2020 WL 1129870, at * 8 (N.D.N.Y. Mar. 9, 2020) (denial of access to one meal, as well as certain food and drink items that are part of a religious meal on eight occasions, did not violate Free Exercise clause) (citing cases); *Burroughs*

---

[2] The Court notes that the Second Circuit has left open the question of whether a prisoner must allege a "substantial" burden on his Free Exercise rights or just a burden.  *See Brandon*, 938 F.3d at 32 n.7; *Holland*, 758 F.3d at 220.  The Court need not resolve that issue in this case.  Plaintiff has not sufficiently alleged a burden.

*v. Mitchell*, 325 F. Supp. 3d 249, 280 (N.D.N.Y. 2018) (rejecting plaintiff's Free Exercise claim because defendant's refusal on one occasion to provide him with his "Koran, prayer rug, Kufi, and Ramadan meal" suggested only a *de minimis* interference); *Leach v. New York City*, 2013 WL 3984996, at *2 (S.D.N.Y. Aug. 2, 2013) (rejecting a Free Exercise claim alleging that defendant deprived *pro se* plaintiff of constitutional religious rights by failing to provide him with Kosher food and denying his request to speak with a Rabbi on a singular occasion, which were *de minimis* impositions) (citing *Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999)); *see also Flynn v. Ward*, 2016 WL 1357737, at *10 (N.D.N.Y. Apr. 4, 2016) (rejecting Free Exercise claim because complaint did not provide "dates, times or facts establishing how [plaintiff] was burdened").  Finally, from his allegation that he was deprived of the Qur'an and his prayer rug because he could not put the items in his pocket while he was being processed, it appears that the actions of the officers were "reasonably related to legitimate penological interests" of security. *O'Lone*, 482 U.S. at 349; *see Lombardo v. Freebern*, 2018 WL 1627274, at *11 (S.D.N.Y. Mar. 30, 2018) (deprivation of access to Tifillin and prayer shawl for 48 days and hardcover Siddur for 178 days based on security reasons did not violate Free Exercise clause).

The Court therefore dismisses Plaintiff's Free Exercise First Amendment claim as failing to state sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff Fails to State a Claim Under RLUIPA

The Court also construes the Complaint as alleging that the City has violated Plaintiff's statutory right to freely exercise his religion under RLUIPA.  RLUIPA "prohibits the government from imposing substantial burdens on religion even where the burden results from a neutral law of general applicability." *Hankins v. Lyght*, 441 F.3d 96, 111 n.3 (2d Cir. 2006); *see also Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005) (RLUIPA "protects institutionalized persons

who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion"). The statute provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; or (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). This proscription has "force against programs or activities receiving federal financial support or when the described burden affects interstate commerce." *Mateo v. Westchester Cnty.*, 2020 WL 5802838, at *5 (S.D.N.Y. Sept. 29, 2020). "RLUIPA provides prisoners with 'greater protection' to exercise their religious beliefs than the First Amendment." *Means v. Rockland Cnty. Corr. Facility*, 2019 WL 1596489, at *9 (S.D.N.Y. Apr. 15, 2019) (quoting *Holt v. Hobbs*, 574 U.S. 352, 361 (2015)).

A substantial burden under RLUIPA is one that "puts undue pressure on the adherents to alter their behavior and to violate their beliefs in order to obtain government benefits, thereby imposing a substantial burden on religious exercise." *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 348 (2d Cir. 2007) ("Supreme Court precedents teach that a substantial burden on religious exercise exists when an individual is required to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion . . . on the other hand.") (citing *Thomas v. Review Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 709 (1981)); *see also Pilgrim v. Artus*, 2010 WL 3724883, at *11 (N.D.N.Y. Mar. 18, 2010).

The Court dismisses Plaintiff's RLUIPA claim for the same reasons it dismissed his constitutional claim. Plaintiff's factual allegations do not suggest he was burdened—substantially or not—when the arresting officer denied him his Qur'an and prayer rug during

booking.  *See, e.g.*, *Means*, 2019 WL 1596489, at *9 ("RLUIPA and free-exercise claims must be based on more than an isolated denial of a religious observance and general assertions of correction official's hostility to his religion.").

### C. Plaintiff Fails to Adequately Allege Municipal Liability

To plead Section 1983 claims against a municipality, such as the City of New York, a plaintiff must allege: "(1) actions taken under color of law; (2) deprivations of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).  "A plaintiff may satisfy the 'policy or custom' requirement by alleging one of the following: '(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.'"  *Johnson v. Paul*, 2018 WL 2305657, at *3 (S.D.N.Y. May 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Plaintiff's *Monell* claim fails at the threshold.  He does not allege a constitutional violation.  *See, e.g.*, *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).  Moreover, Plaintiff's allegations concerning "a single incident . . . involv[ing] only actors below the policy-making level, does not suffice to show a municipal policy."  *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (citation omitted).

## CONCLUSION

For the reasons stated, the motion to dismiss is GRANTED for failure to state a claim.

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court grants Plaintiff sixty (60) days, until April 30, 2021, to file an amended complaint with allegations to support his constitutional and RLUIPA claims. If Plaintiff fails to file a timely amended complaint, the Court will terminate the case.

The Clerk of Court is respectfully directed to close Dkt. No. 27 and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: March 1, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge